OPINION OF THE COURT — bv the
Hon. J. R. NICHOLSON
This is an action of trespass brought to recoevr damages for taking and carrying away four slaves, to-wit: Lindy, &e. The plea is the general issue, with leave to give special matter in evidence.
A bill of exceptions was taken at the trial, but the facts are so imperfectly set out that there is but little in it on which this court can act. The defendaut offered as evidence, in justification, an execution which had issued on a judgment of defendant, Reuben Collins vs Eli Garner, which had no return on it, and the court below permitted the sheriff to make his return according to the facts of the case, to which the plaintiff objected. It is the universal practice of courts to permit sheriffs to amend their returns, or make an entire return where it has been neglected, agreeably to bly to the facts of the case.
The court below, therefore did not err in permitting this amendment.
The 2d objection is, that the court permitted the sheriff to give parol evidence that the forthcoming bond which was taken, was taken by virtue of said execution. This parol evidence was unnecessary, as the bond proved itself to have been taken under, and by virtue of the execution. The admission of this parol evidence then could not change or vary the result, in this then there was no error.
The next objection is, that the defendant1 offered in evidence another execution, purporting to be the execution which issued on the forthcoming bond, to the admission of which, the plaintiff objected, because there was a variance between the execution and the bond; but the court admitted the execution in evidence. As this execution is not made a part of the record, and the bond appearing on its face to be good, this court cannot say that the court below improperly admitted the execution in evidence.
The next point in the bill of exceptions, is, that the plaintiff offered in evidence two extracts from the minutes of the circuit court of Lawrence county, to shew that the forthcoming bond had been quashed. The extracts are “Reuben Collins vs Eli Garner and Harper Garner, motion to «utwii the ferthcmipg bond, this motion is to abide the decision of the *520 court, in the case of John Hagan & Co. vs. D. R. Hubert and fcamuei Stamps. John Hagan & Co. vs D. R. Hubert and Samuel Stamps, motion to quash forthcoming bond sustained.” It is apparent from these extracts, that the bond in the case of Reuben Collins vs. Eli and Harper Garner had not been quashed; although it is stated that the decision of the motion in the first named case, is to abide the decision of the motion in the case of Hagan & Co. vs. Hubert et. al. Yet there is really no judgment, or action of the court upon the motion.
The plaintiff, I presume, must have supposed it had been quashed, otherwise he never would have commenced this suit, and the court below seemed to take it for granted that it had been quashed, from the charge given to the jury “that the circuit court had no jurisdiction to quash the bond, after the terra to which it was returnable.”
This charge, then, was upon an abstract point, which dtd not arise in the case, and could not prejudice the plaintiff’s cause of action, inasmuch as he had no color of action, unless the bond had been quashed. The balance of the charge of the court below, as to the .validity of the sale, under this execution was in accordance with the law on the subject.
The judgment of the court below must therefore be affirmed.
Judges Montgomery, and Huston concur.